Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8267 | **DATE** | 9/27/2000 |
| **CASE TITLE** | THERESA THOMAS, et al vs. KEVIN J. HERMANEK, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   The Court: (1) grants Rent-A-Center, Rental Management, and Rent-Way's motion to dismiss and hereby terminates them as parties [20-1,23-1,25-1] and (2) grants in part and denies in part Hermanek and Hermanek PC's motion to dismiss [17-1]. Only plaintiffs' FDCPA claims against Hermanek and Hermanek PC remain. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | SEP 2 8 2000 |
| | Notified counsel by telephone. | | date docketed |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials |
| | Copy to judge/magistrate judge. | 00 SEP 27 PM 3: 28 | |
| CG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THERESA THOMAS<br>MICHAEL HUGHES,<br><br>        Plaintiffs,<br><br>v.<br><br>KEVIN J. HERMANEK;<br>KEVIN J. HERMANEK ATTORNEY<br>AT LAW, P.C.;<br>RENT-A-CENTER, INC., in its<br>own right and as successor<br>by merger to RENTER'S<br>CHOICE, INC.;<br>RENTAL MANAGEMENT CO., INC.,<br>doing business as AARON'S<br>RENTAL PURCHASE; and<br>RENT-WAY, INC.;<br><br>        Defendants. | Case No. 99 C 8267<br><br>Judge Guzman |

DOCKETED
SEP 28 2000

## MEMORANDUM OPINION & ORDER

Theresa Thomas and Michael Hughes have sued Kevin J. Hermanek ("Hermanek") individually and Hermanek P.C. ("Hermanek PC"), Rent-A-Center, Inc., Rental Management Co., Inc., and Rent-Way, Inc. for alleged violation of 42 U.S.C. § 1983 ("section 1983") and have sued Hermanek and Hermanek PC for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Defendants have individually moved to dismiss the Amended Complaint pursuant to the Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6). For the reasons provided in this Memorandum Opinion and Order, the Court: (1) grants Rent-A-Center, Rental Management, and Rent-Way's motions to dismiss, and hereby terminates them as parties; and (2) grants in part and denies in part Hermanek

and Hermanek PC's motion to dismiss.

## Facts

Plaintiffs challenge the "routine use of *ex parte* replevin proceedings by a collection lawyer and several rental-purchase companies he represents" based on the standard form allegations made in these *ex parte* proceedings that "hundreds of rental purchase customers are committing fraud." (Am. Compl. ¶ 1.) These allegations are "made without any reason to believe that they are true." *Id.* Thomas entered into five rental contracts for furniture with Rent-A-Center, all of which were written on Rent-A-Center's standard form. (*Id.* ¶ 16.) Hughes' ("Hughes") sister, Evelyn, entered into one or more contracts with Rent-Way. (*Id.* ¶ 23.)

Hermanek and Hermanek PC, representing Rent-A-Center, filed replevin actions in the form of standard complaints against Thomas to recover the furniture subject to the above contracts. (*Id.* ¶ 17.) Hermanek and Hermanek PC, representing Rent-Way, filed replevin actions in the form of standard complaints against Evelyn Hughes (Michael Hughes was later added as a defendant because he co-signed the contracts) to recover the furniture subject to the above contracts. (*Id.* ¶¶ 17, 19, 24.) The complaints were filed under an exception to 735 ILL. COMP. STAT. 5/19-105 which requires notice in replevin proceedings, allowing for no notice under 735 ILL. COMP. STAT. 5/19-106. (*Id.* ¶¶ 34-35.) The complaints for replevin against Thomas and Hughes also included requests for rental payments, attorney's fees, and costs. (*Id.* ¶¶ 18, 25.)

The Circuit Court of Cook County entered these no-notice replevin orders that

permitted the Sheriff of Cook County to take possession of the goods. (*Id.* ¶¶ 20, 27.) These form-style no-notice replevin complaints were filed without "any particularized allegations or evidence that any specific customer is engaged in one of the types of fraudulent behavior" to serve as a justification. (*Id.* ¶ 38.) "Hermanek and Hermanek PC have filed scores of these standard form no-notice replevin complaints, seeking return of property, damages, and attorney's fees in the Circuit Court of Cook County, Illinois on behalf of the defendants." (*Id.* at ¶ 29). It is this procedure that plaintiffs allege is an "intentional and malicious abuse of the judicial process." (*Id.* ¶ 39).

Count I alleges that defendants violated plaintiffs' rights under the Due Process Clause of the Fourteenth Amendment through the "routine use of no-notice replevin proceedings by defendants, justified by bogus recitals in form orders presented by Hermanek and Hermanek PC." (*Id.* ¶ 41.) The alleged issues as presented by plaintiffs include "[w]hether the use of no-notice replevin actions by defendants violates the Fourteenth Amendment; [and] [w]hether it is permissible to file form complaints reciting, without any particularized basis, that consumers are committing fraud justifying the *ex parte* seizure of property." (*Id.* ¶ 44.) Count II alleges that Hermanek and Hermanek PC have violated 15 U.S.C. § 1692e, 1692e(2), 1692e(4), 1692e(7), 1692e(10) and 1692f of the FDCPA based on their filing of no-notice replevin actions. Plaintiffs seek to resolve whether "the use of no-notice replevin actions by defendants . . . violates the FDCPA." (*Id.* ¶ 54(a).) Plaintiffs also seek to resolve "[w]hether it is a violation of the FDCPA to file form complaints reciting, without any particularized basis, that consumers are committing fraud for the purpose of justifying the otherwise illegal *ex parte* seizure of property." (*Id.* ¶ 54(b).)

## Discussion

Defendants Rent-Way, Rental Management, Rent-A-Center, Hermanek and Hermanek PC have moved to dismiss plaintiffs' section 1983 claim pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. Initially, a Rule 12(b)(1) motion to dismiss requires a court to dismiss any action for which it lacks subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Rule 12(b)(1) motions are based on either facial or factual attacks on jurisdiction. *Villasenor v. Industrial Wire & Cable, Inc.*, 929 F. Supp. 310, 311 (N.D. Ill. 1996). If the defendant factually attacks the plaintiff's assertion of subject matter jurisdiction, the court may look beyond the jurisdictional allegations in the complaint and "view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993); *see also Barnhart v. United States*, 884 F.2d 295, 296 (7th Cir. 1989). To withstand defendants' Rule 12(b)(1) motion, the plaintiff must competently prove by a preponderance of the evidence that subject matter jurisdiction exists. *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995); *see also McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993).

Standing is the threshold that must be traversed to determine whether it is proper for the judicial branch to examine the policies and procedures of the executive and legislative branches. *Allen v. Wright*, 468 U.S. 737, 752 (1984). A federal district court has jurisdiction only where a federal "constitutional or statutory provision on which the claim

rests properly ... can be understood as granting persons in the plaintiff's position a right to judicial relief." *Warth v. Seldin*, 422 U.S. 490, 500 (1975).

To enjoy standing, a plaintiff must establish three elements: (1) that the plaintiff suffered injury in fact that is concrete in its nature and particularized to the plaintiff, (2) that the injury is "fairly traceable" to the allegedly unlawful conduct of the defendant, and (3) the injury is redressable by the relief sought. *Allen*, 468 U.S. at 751; *see also Young v. Lehigh Corp.*, No. 80 C 4376, 1989 WL 117960, at *3, (N.D. Ill. Sept. 28, 1989). Redressability and traceabillity require that a nexus be established between the plaintiffs' alleged injury and the defendant's alleged unlawful act. *Shakman v. Dunne*, 829 F.2d 1387, 1394 (7th Cir. 1987). Essentially, the plaintiff must have a "personal stake" in the case's outcome. *Baker v. Carr*, 369 U.S. 186, 204 (1962). A court must address standing before class representation under Rule 23 may even be addressed. *Young*, 1989 WL 117960, at *4; *see also Vulcan Soc'y of Westchester County v. Fire Dep't. of City of White Plains*, 82 F.R.D. 379, 398 (S.D.N.Y. 1979).

As to Hughes, Rental Management and Rent-A-Center argue that Hughes had no dealings with Rental Management or Rent-A-Center and thus has no standing to sue them. This Court agrees that Hughes has no standing to sue Rental Management and Rent-A-Center because Hughes had no dealings with Rental Management and Rent-A-Center and could not have been injured by them. Hughes' injury is not fairly traceable to these defendants, and Hughes has no standing to sue them. However, Hughes has standing to sue Rent-Way since he was a co-signer on the contract for the property in question, he is a co-defendant in the state court proceeding, and the injury Hughes alleges is "fairly traceable" to Rent-Way's conduct

5

and may be "redressable by the relief sought." *Allen*, 468 U.S. at 751. Hermanek and Hermanek PC do not raise the issue of standing as to plaintiff Hughes. However, Hughes does maintain standing to sue these defendants since his alleged injury is fairly traceable to the allegedly unlawful conduct of Hermanek and Hermanek PC and may be "redressable by the relief sought." *Id.*

As to Thomas, Rent-Way and Rental Management argue that Thomas does not have standing to sue them because she was not injured by them and has no stake in the outcome since she was not one of their customers. The Court finds that Thomas has no standing to sue Rent-Way and Rental Management since she had no dealings with them, and therefore Thomas' alleged injury is not fairly traceable to these defendants. Thomas has standing to sue Rent-A-Center because she alleges an injury that is fairly traceable to Rent-A-Center's alleged conduct since she entered into rental contracts with Rent-A-Center that allegedly resulted in her injury and her injury may be redressable by the relief sought. *Allen*, 468 U.S. at 751. Thomas also maintains standing to sue Hermanek and Hermanek PC since she allegedly suffered an injury in fact that was "fairly traceable" to Hermanek and Hermanek PC's allegedly unlawful conduct of engaging in *ex parte* replevin proceedings, which is "redressable by the relief sought." *Id.*

Case law clearly supports the principle that plaintiffs cannot sue numerous defendants if they do not have claims against these defendants. *See Chevalier v. Baird Sav. Ass'n*, 66 F.R.D. 105, 108 (E.D.N.C. 1975); *see also Weiner v. Bank of King of Prussia*, 358 F. Supp. 684, 690 (E.D. Pa. 1973). However, plaintiffs argue that a juridical link doctrine supports their claim to standing. The plaintiffs rely on *Moore v. Comfed Savings Bank*, 908 F.2d 834, 838

(11th Cir. 1990), to support the applicability of the juridical link doctrine in this case. *Moore* states that "it is appropriate to join as a defendant a party with whom the named class representative did not have a direct contact . . . [where] there was either a contractual obligation among all defendants or a state or local statute requiring common action by the defendants." *Id.* But the basis upon which *Moore* found a juridical link is absent in the case at bar because here there was neither a contractual obligation among all defendants, nor a state or local statute requiring common action by the defendants. *Id.* Because the juridical link doctrine does not apply, the Court finds that Hughes does not have standing to sue Rent-A-Center and Rental Management and Thomas does not have standing to sue Rent-Way and Rental Management.

Next, defendants argue that the *Rooker-Feldman* abstention doctrine requires us to abstain from exercising jurisdiction over plaintiffs' section 1983 claim.[1] The *Rooker-Feldman* abstention doctrine bars federal courts from reviewing the actions and judgments of state courts and from adjudicating any claim "inextricably intertwined" with a prior state-court determination. *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). If the state court judgment caused plaintiffs' alleged injury then the *Rooker-Feldman* doctrine precludes the federal court's exercise of jurisdiction. *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir.

---

[1] Although Hermanek and Hermanek PC argue that abstention pursuant to *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), bars plaintiffs' section 1983 claims, the Court finds *(the Burford* abstention inapplicable because there is no potential for interference with a "comprehensive administrative scheme" or potential for "hindering the development of coherent state policy" under the plaintiffs' FDCPA claims. 319 U.S. 315, 332-34 (1943); *see also Board of Educ. of Valley View Community Unit Sch. Dist. No. 365U v. Bosworth*, 713 F.2d 1316, 1320 (7th Cir. 1983). For the same reason, *Burford* does not mandate abstention as to plaintiffs' FDCPA claims against Hermanek and Hermanek PC.

7

2000) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). However, where a plaintiff has no reasonable opportunity to raise a claim in state court, *Rooker-Feldman* abstention does not apply. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 556 (7th Cir. 1999).

In *Long v. Shorebank Development Corp.*, where the court found that Illinois law regarding forcible entry and detainer proceedings did not permit plaintiff to raise a federal claim as a counterclaim in state court, the court held that *Rooker-Feldman* did not apply. *Id.* *Long* is distinguishable from the instant case because replevin law in Illinois does not effectively preclude a plaintiff from raising a federal claim as a counterclaim. Under the Illinois replevin statute, "the court shall consider the right of the defendant to assert additional defenses, to demand trial by jury, to plead a counterclaim or third party complaint, and to order the plaintiff to take additional steps which were not required under the pleadings as previously filed." 735 ILCS 5/19-122; *see also Bank of Ind. v. Tremunde*, 50 Ill. App. 3d 480, 482, 365 N.E.2d 295, 297 (5th Dist. 1977) (recognizing a constitutional counterclaim in an Illinois *ex parte* replevin proceeding); *Berg v. Henry*, 12 Ill. App. 2d 226, 139 N.E.2d 179 (2nd Dist. 1956) (noting that when the Civil Practice Act and Replevin Act are construed together, filing a counterclaim in a replevin action is appropriate); *see generally Smith v. Bloom*, 328 Ill. App. 310, 65 N.E.2d 483 (1st Dist. 1946) (noting that counterclaims in replevin actions for damages sought are permissible). As soon as plaintiffs received a notice of the complaint against them, *i.e.*, at the time when the furniture was seized, they could have appeared in state court to file a counterclaim.

In a case similar to the one at bar, *Neely v. Law Offices of Kevin J. Hermanek, P.C.*,

8

where plaintiff's furniture and goods were seized pursuant to a no-notice replevin enforcement order, the plaintiff argued, as the plaintiffs do in this case, that *Rooker-Feldman* was inapplicable because she was not given a reasonable opportunity to raise her claim in the state court proceeding. No. 00 C 1337, 2000 WL 804670, at *2 (N.D. Ill. Jun. 21, 2000). The court disagreed and held that plaintiff's section 1983 claims were barred by *Rooker-Feldman* because the plaintiff was given a reasonable opportunity to raise her claim in the state court proceeding in that she was served with the complaint during the seizure of the property in question. *Id.* at *2. According to the *Neely* court, the exception stated in *Long* only applies when the plaintiff has no ability to file a counterclaim or appeal the state court's decision by filing petitions for a writ of mandamus to the State Supreme Court and the United States Supreme Court requiring that the appeal be heard. *See id.* at *3.

Similar to the plaintiff in *Neely*, Thomas was given a reasonable opportunity to raise the claim she raises here in the state court proceeding. Thomas was given notice of the complaint when the property at issue was seized. Further, Illinois replevin law does not preclude counterclaims in replevin proceedings.

Like the plaintiff in *Neely*, Hughes and Thomas' alleged injury resulted from the state court judgments, and but for these judgments, compensation in this proceeding would not be sought. "[A] litigant may not attempt to circumvent the effect of *Rooker-Feldman* and seek a reversal of a state court judgment simply by casting the complaint in the form of a civil rights action." *Long*, 182 F.3d at 557 (citing *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993)).

Here, Hughes and Thomas' claim impermissibly attacks the determinations of the state court findings on the replevin orders. Final judgment has been entered and no appeal

9

was taken. Thomas did not file a counterclaim, appeal the state trial court's judgment against her, and has not filed petitions for writ of mandamus requiring that the appeal be heard. Although plaintiffs claim that the trial court lacked a sufficient evidentiary basis to enter the *ex parte* orders under the Illinois Replevin Act, they seek to redress the injury that flows directly from state court replevin orders through the channel of this court. The effect of granting plaintiffs the relief they seek in this case would be to invalidate the state court replevin orders, precisely the action that the *Rooker-Feldman* doctrine seeks to bar. As to Hughes' claim, the fact that Hughes has a pending counterclaim in state court against Rent-Way does not effect our decision. Abstention under *Rooker-Feldman* is proper since the doctrine may be applied to a state court judgment that is not yet final. *Keene Corp. v. Cass*, 908 F.2d 293, 297 n.2 (8th Cir. 1990). Illinois replevin law also allows Hughes to bring a third-party complaint against Hermanek and Hermanek PC. Therefore, this Court abstains from exercising jurisdiction over Hughes and Thomas' section 1983 claim against Rent-Way, Rent-A-Center, Rental Management, Hermanek, and Hermanek PC under the *Rooker-Feldman* doctrine.

However, the Court finds the *Rooker-Feldman* doctrine inapplicable with regard to plaintiffs' FDCPA claims. Because the alleged violations under 15 U.S.C. § 1692 are based on Hermanek and Hermanek PC's false representations regarding plaintiffs' debt, such violations are "independent of and complete prior to" the state court judgment. *See Long*, 182 F.3d at 556; *see also* 15 U.S.C. §§ 1692(e)-1692(f).

Hermanek and Hermanek PC also argue that the Court should abstain from exercising jurisdiction over Hughes' FDCPA claims under the *Colorado River* abstention

doctrine. The general rule is that "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). In *Colorado River*, the Supreme Court held that a federal court could, in exceptional circumstances, abstain from exercising jurisdiction out of deference to parallel litigation in state court. *Id.* at 813-17. These factors include: (1) whether the state has jurisdiction over the property in controversy; (2) whether the federal forum is inconvenient; (3) whether the federal court's exercise of jurisdiction would result in piecemeal litigation; (4) whether the state court obtained jurisdiction first; (5) whether the source of the law governing the controversy is federal or state law; (6) whether the state court's actions adequately protect the plaintiff's federal rights; (7) the pace of the development occurring in the state and federal proceedings; (8) whether concurrent jurisdiction exists; (9) whether removal is an option; and (10) whether the federal claim is of a contrived nature. *Caminiti & Iatorola Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 701 (7th Cir. 1992). "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). In this case, the balance of the above factors weighs in favor of our exercising jurisdiction over the Hughes' FDCPA claims. The first and second factors are nullities because in an FDCPA claim there is no *res* over which to assume jurisdiction and in this case, both the federal and state fora are within a few city blocks of each other. The third, fifth, sixth, and tenth factors weigh heavily in favor of exercising jurisdiction because the potential

11

for piecemeal litigation is minimal, federal law governs, federal courts are more accustomed to hearing FDCPA claims, and there is absolutely no evidence that Hughes' FDCPA claim is contrived or vexatious. Furthermore, because Hughes' counterclaim does not allege an FDCPA violation, the remaining factors neither weigh in favor nor against the exercise of jurisdiction in this case. Therefore, the balance of the *Colorado River* factors weighs in favor of the Court's exercising jurisdiction over Hughes FDCPA claims.

Finally, having determined that the Court will not abstain from exercising jurisdiction over plaintiffs' FDCPA claims, the Court must address the merits of Hermanek and Hermanek PC's motion to dismiss for failure to state a claim. These parties' sole argument is that plaintiffs' action is barred by *res judicata*.

Under Rule 12(b)(6), the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992). A claim may be dismissed only if it is beyond doubt that under no set of facts would the plaintiff's allegations entitle him to relief. *See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429-30 (7th Cir. 1996). For purposes of a motion to dismiss, the court accepts the factual allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. *See id.*, 73 F.3d at 1428.

*Res judicata* does not bar the instant action. *Res judicata* bars a subsequent action only when there are: (1) the same parties or privity with the parties involved in both actions; (2) identity between the causes of action; and (3) a court of competent jurisdiction has entered final judgment. *Peregrine Financial Group, Inc. v. Ambuehl*, No. 1-98-3595,

1999 WL 1116826, at *5 (1st Dist. Dec. 7, 1999).

Defendants' argument that *res judicata* bars plaintiffs' instant action is fatally flawed because there is no identity between the causes of action. *See Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1997) (stating that FDCPA claims were not barred by *res judicata* because there was no identity between a FDCPA action and an action regarding a debt owed). Furthermore, as to Hughes' FDCPA claims, Hughes still maintains a pending counterclaim in state court, and therefore, the state court has not entered final judgment. Therefore, *res judicata* does not bar plaintiffs' FDCPA claims against Hermanek or Hermanek PC.

## Conclusion

For the reasons set forth above, the Court: (1) grants Rent-A-Center, Rental Management, and Rent-Way's motions to dismiss and hereby terminates them as parties [20-1, 23-1, 25-1], and (2) grants in part and denies in part Hermanek and Hermanek PC's motion to dismiss [17-1]. Only plaintiffs' FDCPA claims against Hermanek and Hermanek PC remain.

SO ORDERED　　　　　　　　　　　ENTERED: 9/27/00

　　　　　　　　　　　　　　　　　　HON. RONALD A. GUZMAN

　　　　　　　　　　　　　　　　　　United States Judge